**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA JOVITA CORTEZ RODRIGUEZ; et al., | No. 24-5759 |
| Petitioners, | Agency Nos. A208-117-552 A208-117-553 |
| v. | A208-117-554 A208-117-555 |
| PAMELA BONDI, Attorney General, | A208-117-556 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025[**]
Portland, Oregon

Before: MCKEOWN and SUNG, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Petitioner Maria Jovita Cortez Rodriguez ("Cortez Rodriguez"), a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA's") dismissal of her appeal of an Immigration Judge's ("IJ's") finding that she abandoned her application for relief because she failed to comply with the biometrics requirement.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. We review for abuse of discretion a decision to deem an application abandoned. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021).

2. The IJ has authority to deem an application abandoned for failure to comply with the biometrics requirement. *Id.* (citing 8 C.F.R. § 1003.47(c)). On multiple occasions the IJ informed Cortez Rodriguez that she needed to complete the biometrics requirement, detailed how to do so, and explained the consequences of failing to comply. Cortez Rodriguez does not dispute that she was informed of the biometrics requirement and of the consequences of failing to comply with it. She also does not contest that she failed to complete the biometrics requirement.

3. An applicant may be excused from her failure to comply with the biometrics requirement if the failure was the result of good cause. 8 C.F.R. §§ 1003.47(c),

---

[1] Cortez Rodriguez's four children are listed as petitioners in this case. Because their claims are derivative of their mother's, we do not discuss them separately.

1208.10. Cortez Rodriguez has not established that her failure was the result of good cause. Her *pro se* status and English language difficulties, standing alone, do not constitute good cause, especially since she indicated that she understood the IJ. *See Gonzalez-Veliz*, 996 F.3d at 945, 949 (deeming application abandoned and finding no good cause where applicant had trouble understanding English but acknowledged IJ's instructions); *cf. Cui v. Mukasey*, 538 F.3d 1289, 1294 (9th Cir. 2008) (concluding that IJ abused discretion in denying continuance to resubmit fingerprints where fingerprinting instructions were not provided to applicant). Her prior failed attempts to comply with the biometrics requirement likewise do not provide good cause. *See Gonzalez-Veliz*, 996 F.3d at 948 (concluding that an inadequate prior attempt to comply with biometrics requirement did not relieve applicant of duty to comply).

Furthermore, the fact that Cortez Rodriguez was fingerprinted upon arrival to the United States is immaterial given that she was repeatedly instructed after her arrival that she needed to complete the biometrics requirement. Likewise, her contention that, because she would fare better under the Department of Homeland Security's ("DHS's") current biometrics instructions, her past noncompliance should be excused for good cause, is unavailing. Her noncompliance with the instructions DHS provided her during the period in which she applied for relief is what matters. *See* 8 C.F.R. § 1003.47(c) ("Failure to file necessary documentation and comply with

the requirements to provide biometrics . . . in conformity with . . . instructions provided by DHS, within the time allowed by the [IJ's] order, constitutes abandonment[.]").

4.  Because there was an absence of good cause to excuse Cortez Rodriguez's failure to comply with the biometrics requirement, the agency did not abuse its discretion in finding that her application was abandoned.[2]

**PETITION DENIED**.

---

[2] The temporary stay of removal remains in place until the mandate issues.